Judse Owsley
delivered the opinion of the coust.*
This is an appeal from a judgment rendered against Coleman in an action of ejectment, brought by him to recover the possession of the land whereon the town of Cyn-thiana, in Harrison county, is situated.
^ The land appears to have been patented to John Milton, in 1786; and on the trial in the court below, Coleman at-> tempted to deduce title, 1st, through a deed executed by commissioners in pursuance of a decree in chancery, pro-v nounced in a suit brought by him against Milton; and 2d, through a deed executed to him by Robert Harrison.
But as the deed made by the commissioners, and the decree in virtue of which it was given, are both'shewn to ho junior in date to a conveyance made by Milton, for the same land, it is plain that the commissioners’ deed can have passed no title to Coleman. -
The deed from Harrison, however, as it purports to have been made, after he seems to have acquired, through a regular chain of conveyance, the title of Milton, it, prima facie, confers upon Coleman a right to the land in contest.
But (.previous to Harrison’s executing the deed to Coleman, the town of Gynthiana was, by an act of the legislature of this country, established; and as the property thereof was thereby vested in trustees of the town, it is plain, the act, as it is moreover proven to have been passed through Harrison’s procurement, must operate as a conveyance front him.
When the town was established, it is true, according tq the general laws regulating conveyances, a deed was essential to the passing of an estate of inheritance, and hence ¡⅜ ¡nferre(]? that without such a deed or even any written evidence of his having given his assent to the establish-nhent of'the town, Harrison’s interest in the land cannot j,ave |jeen conveyed; but as it is compétent.for the Iegis-lature, at any time, to change or regulate the mode of con-real estate, there is no doubt, but by the act éstab-|¡shing the town, the title passed to the trustees as efficicntty as though a deed had been actually sealed and delivered by Harrison.
Assuming the aet, therefore, to be a statutory convey* aHCe’ fpécStiag through Harrison’s assent in procuring Us *407 passage, it follows that he would forever thereafter be es-toped to deny that he then had title.
And as the appellees, who were defendants iu the court below, claim under the establishment of the town, in a contest with them, it equally follows that Coleman claiming through Harrison must also be estoped.
And if not permitted to dispute Harrison’s title, as the judgment of the court was rendered against Coleman upon that supposition, it moreover results that the decision of that court is correct.
The judgment must, consequently, be affirmed with cost.

 Absent, Chief lustice Boris.